**In the Matter of Willie Lee WILDER, Debtor.**

**STERCHI BROTHERS STORES, INC., Creditor,**

v.

**Willie Lee WILDER, Debtor.**

**No. 9953.**

United States District Court
M. D. Georgia,
Macon Division.
Dec. 6, 1963.

**68**

Carl E. Westmoreland, Rudolph N. Patterson, Macon, Ga., for debtor, Willie Lee Wilder.

Gerald S. Mullis, Macon, Ga., for creditor, Sterchi Brothers Stores, Inc.

BOOTLE, Chief Judge.

Sterchi Brothers Stores, Inc., a secured creditor of Willie Lee Wilder, debtor, petitions for review of the order of the Referee confirming the wage earner plan submitted by debtor for an extension of time in which to pay his debts out of future earnings under the provisions of Chapter XIII of the Bankruptcy Act, 11 U.S.C.A. § 1001 et seq.

Debtor purchased a stove, refrigerator, bedroom suite, and sofa from Sterchi Brothers March 6, 1962 for $723.85 to which was added $125.82 carrying charges, $21.72 sales tax, and $17.42 insurance for a total of $888.81, of which $10.-00 was paid down. The installment payments were set up on a monthly basis at $36.75 each. Debtor made the first payment ahead of schedule. After that time the payments grew progressively late, the second payment being made 11 days late, the third 16 days late, the fourth 28 days late, the fifth 24 days late, the sixth 22 days late, and the seventh payment was 27 days past due and unpaid on November 2, 1962 upon the filing of the Chapter XIII petition by debtor. By the time a meeting of creditors was held and the plan put into effect debtor was two payments behind. Creditor's credit department had written debtor letters encouraging him to bring his payments up to date and had sent a collector to his home. However, no steps were taken by creditor to exercise its option under the contract to declare the unpaid balance due upon the default of debtor.

In the schedule attached to his petition, debtor listed claims totaling $954.-52 of which $659.06 was owing to creditor Sterchi Brothers Stores, Inc. Debtor's plan reported average weekly earnings of $40.76. The plan confirmed by the Referee called for payment to creditors of $19.25 per week of which $8.75 was to be distributed to Sterchi Brothers Stores, Inc.

Creditor originally objected to the confirmation of the plan by the Referee on two grounds: (1) the $8.75 per week payment was less in some months than the $36.75 monthly payments under the contract. This contention was rejected by the Referee and by this court on a previous petition for review, because over a 12 month period creditor would receive more under the wage earner plan than under the contract. (2) The plan did not provide that debtor catch up the two payments which were delinquent when the plan was confirmed. Creditor contends that this constituted a detrimental change in its contract with debtor and that it was, therefore, "dealt with" within 11 U.S.C.A. § 1052 so as to require its approval of the plan before it could be confirmed by the Referee. The court recommitted the cause to the Referee to take additional evidence in order to determine whether the parties in the execution of the contract had departed from its terms and paid and received money under the departure to such an extent that a quasi new agreement had arisen between the parties. Ga.Code Ann. (1933) § 20–116. Upon taking additional evidence, the Referee determined that there was not a

quasi new agreement under which debtor would continue to remain two months in arrears in making his payments. The Referee did determine that the creditor's claim is not "dealt with" within § 1052.

The sole issue for determination upon this petition is whether creditor may be heard to object to the confirmation of the plan.

At the date of the confirmation of the plan debtor had a substantial equity in the household necessities, having paid $229.75. He has made all payments as they have come due under the wage earner plan and is willing and able to continue to do so. It is unlikely that debtor is able to catch up the two payments which are in arrears while at the same time making payments to creditor under the plan equal to or larger than those he was making prior to the plan and in which he became delinquent. After making payment under the plan debtor takes home only $21.01 per week with which to maintain his family and household.

This court concurs in the holding of the Referee:

> "The interest of a creditor must be 'materially and adversely' affected by the plan before the creditor's acceptance becomes necessary for the confirmation of the plan. [11 U.S.C.A. § 1007]. There must be more than a nominal or minute alteration in the creditor's interest. Where, as in the present case, under a Wage Earner Plan, a secured creditor has its contract extended for a period of two months (The original contract would have paid out, if its terms were carried out, in twenty-four months; under the Debtor's plan it will be twenty-six months before the contract is paid in full) on a twenty-four month contract, especially where the extension is caused by a default in payments under a contract, in which default the creditor has acquiesced (The said creditor could have declared the full amount due and payable upon the default of any one of the payments; the fact that the creditor did not do so indicates that it was more interested in obtaining the money due it than in repossessing the property, which is the usual attitude for creditors similarly situated) this court does not believe that such creditor is materially and adversely affected by such plan, and the acceptance of such creditor is not necessary to the confirmation thereof."

While the principle *de minimis non curat lex* has in some areas, for instance in interpretation of the Fair Labor Standards Act, perhaps lost some of its pristine vigor, we think it still has applicability to a case of this character. Comparing creditor's position as it existed as of the moment of confirmation of debtor's plan with its position immediately following that confirmation the court fails to see that creditor's interest was "materially and adversely" affected. The confirmation of the plan did not give rise to the arrearage complained of. Nor had creditor exercised its option to declare the entire debt due. A two-month arrearage in a debt contracted on the basis of a two-year span cannot be said seriously to delay payments and may well come within the coverage of *de minimis non curat lex*, especially where creditor had not considered the arrearage of sufficient importance to exercise its right to accelerate the due dates of the payments. Moreover, there has been no suggestion that the plan seriously affects creditor's security. In the somewhat analogous case, In re Duncan, 33 F.Supp. 997, 999 (E.D.Va.1940), the court said:

> "The law does not favor forfeitures and it was not unreasonable to infer from the circumstances acquiescence by the bank in the debtor's default, or at least that the bank did not regard the default as seriously affecting its security for payment of the debt."

See also In re Clevenger, 282 F.2d 756, 757 (7 Cir. 1960).

There is another reason creditor cannot be heard to object to the plan. The records of this court show that it has steadily accepted the benefits thereof, having received from the trustee seven disbursements totaling $389.80, leaving a balance of only $289.26. Having for approximately a year accepted the full benefit of the plan creditor now is estopped to attack it. 18 Am.Jur. §§ 64, 65.

Accordingly, the Referee's order of August 14, 1963 overruling creditor's objections and confirming the plan is hereby affirmed, and the petition for review and reversal of said order is hereby denied.